UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VANDA PHARMACEUTICALS, INC., et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:19-CV-00301 (JDB) |
| FOOD AND DRUG ADMINISTRATION, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO MOTION BY THE HUMANE SOCIETY OF THE UNITED STATES FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS**

The Humane Society of the United States ("HSUS") seeks leave to file an amicus curiae brief in support of Plaintiffs' (collectively, Vanda Pharmaceuticals, Inc. ("Vanda")) motion for summary judgment and motion to supplement the administrative record. *See* HSUS Mot., ECF No. 27. Although courts have wide discretion in deciding whether to permit an amicus brief, a request should not be granted without careful consideration of the movant's support for its proposed filing. Where a movant seeks to present theories irrelevant to the litigation or arguments duplicative of a party's briefs, the amicus should not be allowed. Here, Defendants (collectively "FDA") believe that HSUS's proposed amicus brief is variously duplicative and irrelevant; thus, it provides no benefit to this Court.

A motion for leave to file an amicus brief must, among other things, "set forth the reasons why . . . the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." Local Civil Rule 7(o)(2). "Courts in this district have granted leave where a movant sought to provide information regarding a

significant, unclear legal issue . . . and denied leave where a movant sought to present arguments and insights that were not relevant to the stage of the litigation." *Hopi Tribe v. Trump*, No. 17-cv-2590 (TSC), 2019 WL 2494161, at *3 (D.D.C. Mar. 20, 2019) (internal citations omitted); *see WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019) (denying motion to file amicus that "does not have 'unique information or perspective that can help the [Court]'") (quoting *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)).

HSUS states its interests as follows:  (1) "the replacement, reduction, and refinement [known as the "Three Rs"] of animals in drug testing;" (2) "the welfare of animals in laboratories;" and (3) "the appropriate interpretation and application of the [Federal] Food, Drug and Cosmetics [sic] Act (FDCA) statutory and regulatory requirements by the Food and Drug Administration (FDA) to protect human health and safety through reliable scientific methods." HSUS Mot. 1-2.  Although FDA understands HSUS's advocacy involving the first two interests, they are not the basis for the agency's decision in this case, which is grounded in the FDCA. Thus, these topics and HSUS's insights on them are not relevant to the pending litigation.

The third interest—interpreting the FDCA's statutory and regulatory requirements—is covered by Vanda's summary judgment briefing and will be addressed in FDA's forthcoming cross-motion for summary judgment.  HSUS provides no additional insight into the FDCA "beyond the help that the lawyers for the parties are able to provide."  *Jin*, 557 F. Supp. 2d at 137.  Indeed, HSUS's effort at legal interpretation may confuse more than clarify by introducing incorrect or irrelevant considerations.  For example, HSUS claims that tradipitant has "been shown to be safe and effective in human patients."  HSUS Mot. 2.  No such finding has been made nor can it be made unless and until Vanda submits a New Drug Application to FDA for

review and approval.  *See, e.g.*, 21 U.S.C. §§ 355(b)(1), (d); *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 404 (2012).

Despite claiming to "assist the Court in understanding the broader context of this dispute," HSUS Mot. 10, HSUS's proposed amicus brief narrowly focuses on criticizing FDA's reasoning described in the Remand Response, *see* HSUS Amicus, ECF No. 27-1.  HSUS replows much of the same ground already worked in Vanda's 45-page summary judgment brief.  Consider the following few examples:  (1) reinterpretation of the Broadhead study cited by FDA, *compare* HSUS Amicus 12-13, *with* Vanda MSJ Mem., ECF No. 23-1, at 35-36; (2) evaluation of tradipitant's existing animal studies, *compare* HSUS Amicus 18-19, *with* Vanda MSJ Mem. 43-45; and (3) debate about the casopitant findings, *compare* HSUS Amicus 20-21, *with* Vanda MSJ Mem. 45.  HSUS's duplicative argument is not "unique information or perspective that can help the [Court]."  *WildEarth Guardians*, 368 F. Supp. 3d at 59 (quoting *Jin*, 557 F. Supp. 2d at 137).  HSUS's amicus is "merely extending the length of [Vanda's] brief."  *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *id.* at 1064 ("[W]e judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding" the case.).

Otherwise the proposed amicus is the latest installment in the coordinated campaign by Vanda and HSUS to subvert FDA's administrative process.[1]  HSUS parrots Vanda's claim that FDA needed to consider a letter sent by HSUS a mere day-and-a-half before FDA's remand response was due.  *Compare* HSUS Amicus 4, *with* Vanda MSJ Mem. 33-34.  HSUS's letter was not properly before the agency decisionmaker for purposes of the remand.  Similarly by raising

---

[1] Vanda's and HSUS's efforts will be described in greater detail in FDA's forthcoming opposition to Vanda's motion to complete and supplement the administrative record.

3

an argument "already found" in Vanda's brief, HSUS's duplicative amicus brief is not properly before this Court now. *WildEarth Guardians*, 368 F. Supp. 3d at 59.

Finally, the discussions of alternative non-animal test models, including "3D printing [and] robots," are thinly-veiled attempts to slip additional extra-record evidence before the Court. HSUS Mot. 6; *see* HSUS Amicus 6-8. "[T]he introduction of supplemental or extra-record evidence is generally not permitted." *Agility Pub. Warehousing Co. K.S.C.P. v. U.S. Dep't of Def.*, 246 F. Supp. 3d 34, 51 (D.D.C. 2017). Even assuming *arguendo* that HSUS was entitled to provide FDA with a written submission in support of Vanda during the clinical hold process,[2] it comes here well "past the point when [FDA] could have considered the argument in its decisionmaking process." *WildEarth Guardians*, 368 F. Supp. 3d at 59. Accordingly, this information is not helpful to this Court's review of FDA's decision based on the current administrative record. *See id.*; *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (denying leave to file an amicus because, due to the lawfulness of government's action, there was no need to discuss issues of "emerging technologies generally").

For the reasons discussed above, this Court should not permit HSUS's amicus brief.

---

[2] Because the clinical hold process does not provide for public comment, FDA was, in fact, *not* required to consider or respond to any HSUS submission. *See, e.g.*, *Dist. No. 1, Pac. Coast Dist., Marine Engineers' Beneficial Ass'n v. Mar. Admin.*, 215 F.3d 37, 43 (D.C. Cir. 2000) (citing *Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 524 (1978)) (noting that absent a statutory or regulatory requirement "to afford interested parties the opportunity to submit comments . . . whether [the agency] permits comments and how it deals with those comments are procedural decisions that . . . are matters within the agency's discretion").

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:  July 31, 2019 |  |
|  | JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division |
| Of Counsel: |  |
| ROBERT P. CHARROW<br>General Counsel<br>U.S. Department of Health<br>  and Human Services | DAVID M. MORRELL<br>Deputy Assistant Attorney General<br><br>GUSTAV W. EYLER<br>Director |
| STACY CLINE AMIN<br>Chief Counsel<br>Food and Drug Administration<br>Deputy General Counsel<br>U.S. Department of Health<br>  and Human Services | ANDREW E. CLARK<br>Assistant Director<br><br>     /s/ James W. Harlow    <br>JAMES W. HARLOW<br>Trial Attorney |
| ANNAMARIE KEMPIC<br>Deputy Chief Counsel, Litigation<br>Food and Drug Administration | Consumer Protection Branch<br>U.S. Department of Justice, Civil Division<br>P.O. Box 386<br>Washington, D.C.  20044-0386 |
| CLAUDIA ZUCKERMAN<br>Senior Counsel<br>Office of the General Counsel<br>Food and Drug Division<br>10903 New Hampshire Avenue<br>White Oak 31, Room 4550<br>Silver Spring, MD 20993-0002<br>Telephone:  (301) 796-8609<br>Claudia.Zuckerman@fda.hhs.gov | Telephone:  (202) 514-6786<br>Fax:  (202) 514-8742<br>James.W.Harlow@usdoj.gov |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

| | |
|---|---|
| Dated:  July 31, 2019 | /s/  James W. Harlow<br>James W. Harlow |